UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE YOUNGBLOOD,

       Petitioner,

v.

SHERRY BURT,

       Respondent.

_____/

Case No. 16-CV-10768

HON. AVERN COHN

## MEMORANDUM AND ORDER
## DENYING THE PETITION FOR WRIT OF HABEAS CORPUS
## AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Willie Youngblood,

(Petitioner), is a state prisoner. Petitioner, proceeding pro se, challenges his

convictions for felon in possession of a firearm, M.C.L. § 750.224f; first-degree home

invasion, M.C.L. § 750.110a(2); conspiracy to commit first-degree home invasion,

M.C.L. §§ 750.110a2; 750.157; assault with intent to commit murder, M.C.L. § 750.83;

conspiracy to commit assault with intent to commit murder, M.C.L. §§ 750.83, 750.157;

carrying a concealed weapon with unlawful intent, M.C.L. § 750.226; and three counts

of possession of a firearm in the commission of a felony, M.C.L. § 750.227b. As will be

explained, Petitioner and a co-defendant, who was tried separately, entered an

apartment occupied by several individuals, including children, and fired shots looking to

kill a woman that had a relationship with the co-defendant. Respondent, through the

Attorney General's Office, filed a response, essentially arguing that the claims lack

merit.  For the reasons that follow, the petition will be denied.

## II.  Background

### A.  Procedural History

Petitioner was convicted by a jury of the above listed offenses.  He was later sentenced to concurrent terms of 30 to 50 years for the assault with intent to murder and conspiracy to commit assault with intent to murder convictions, 10 to 20 years for the home invasion and conspiracy to commit home invasion convictions, 5 to 10 years for the weapons convictions, consecutive to 2 years for the felony firearm convictions.

Petitioner filed an appeal of right to the Michigan Court of Appeals, raising the claims presented in the petition.  The court of appeals affirmed Petitioner's convictions but remanded the case to correct the judgment of sentence as to his firearm convictions. People v. Youngblood, No. 315703, 2014 WL 2795874 (Mich. Ct. App. June 19, 2014).  The Michigan Supreme Court denied leave to appeal.  People v. Youngblood, 497 Mich. 971 (2015).

Petitioner seeks habeas relief corpus on the following grounds:

I. There was insufficient evidence of intent to kill for the assault with intent to murder convictions.

II. There was insufficient evidence of an agreement between Youngblood and Lister to support the conspiracy convictions.

III. Conviction for both conspiracy to commit an offense and that offense itself violates double jeopardy.

IV. Youngblood was denied his right to present a defense when the court excluded evidence of a letter written by Lister stating that Youngblood was not present at the time of the shooting.

V. Youngblood's two year sentence for felony firearm should not have been consecutive to the conspiracy charges nor to the home invasion charge.

B.  Facts

The material facts leading to Petitioner's conviction as gleaned from the record are as follows.

Ashley Williams testified that at the time of the incident she lived with her two children, her mother Karen Williams, her sister Catherine Williams, and her cousin, Chanquiece Moten, in an apartment.  She also testified that she had a sexual relationship with Derrick Lister (also known as "Notorious"), Petitioner's co-defendant. She further testified that Lister and Petitioner were friends, that she met Petitioner through Lister and also knew him from the neighborhood.  She also testified Petitioner and Lister would often visit their cousins, who lived a few houses down from Ashley Williams.

Ashley Williams further testified that the day before Thanksgiving, Ashley Williams and Lister got into a verbal argument at his cousin's house.  The next day, Thanksgiving, she was at home around 9:00 pm when she heard a knock at the door. She asked who was there and received a reply "Notorious."  She looked out the peephole and confirmed it was Lister.  She was not going to open the door until prompted to do so by her sister.  When she opened the door, she saw Lister standing outside the door with a 9-millimeter pistol in his hand.  Lister stated, "I'm here to kill you."  Lister pointed the gun at her head and fired, but missed.  She kicked the door at him and ran.  She ran through the house and out her back patio, hearing at least three more shots, as glass was falling around her.

While Ashley Williams was attempting to escape from Lister, Chanquiece Moten looked out of the back window and saw Petitioner standing at the window.  Moten

3

testified that Petitioner had a gun in his hand and was shooting into the apartment while

entering it.  She also testified that Petitioner was shooting towards Ashley Williams

when she was attempting to escape.

Ashley Williams' mother, Karen Williams, testified that Petitioner pointed his gun

at her after he pointed and shot at both Ashley Williams and her sister Catherine

Williams.

### III.  Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person
> in custody pursuant to the judgment of a State court shall not
> be granted with respect to any claim that was adjudicated on
> the merits in State court proceedings unless the adjudication
> of the claim–
>
> > (1)      resulted in a decision that was contrary to, or involved
> > an unreasonable application of, clearly established Federal
> > law, as determined by the Supreme Court of the United
> > States; or
> > (2)      resulted in a decision that was based on an
> > unreasonable determination of the facts in light of the
> > evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the

state court arrives at a conclusion opposite to that reached by the Supreme Court on a

question of law or if the state court decides a case differently than the Supreme Court

has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-

06 (2000).  An "unreasonable application" occurs when "a state court decision

unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case."

Id. at 409.  A federal habeas court may not "issue the writ simply because that court

concludes in its independent judgment that the relevant state-court decision applied

4

clearly established federal law erroneously or incorrectly." Id. at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011)(citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, 562 U.S. at 103. A habeas petitioner should be denied relief as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. See Woods v. Etherton, 136 S. Ct. 1149, 1152 (2016).

IV.  Petitioner's Claims

A.  Insufficiency of the Evidence

1.

In his first and second claims, Petitioner challenges the sufficiency of evidence. It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In Re Winship, 397 U.S. 358, 364 (1970). But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318 (1979). On habeas review, a court may not overturn a state court decision that rejects a sufficiency of the evidence claim simply because the federal court disagrees with the state court's

5

resolution of that claim. Instead, a federal court may grant habeas relief only if the

state court decision was an objectively unreasonable application of the <u>Jackson</u>

standard. See <u>Cavazos v. Smith,</u> 565 U.S. 1, 2 (2011).

2.

Petitioner first contends that there was insufficient evidence that he had a

specific intent to kill to support his conviction for assault with intent to commit murder.

The Michigan Court of Appeals rejected this claim as follows:

> The jury may infer an intent to kill "from the manner of use of a dangerous
> weapon." <u>People v. Dumas</u>, 454 Mich. 390, 403; 563 NW2d 31 (1997).
> Defendant was seen outside a window shooting into an apartment housing
> three adults and two children. A witness saw one bullet strike above the
> kitchen stove. Two spent shell casings were found in the area from which
> defendant was shooting and two bullet holes were found in the window. As
> the other assailant pursued Ashley Williams through the apartment while
> shooting and announcing his intention to kill her, defendant entered the
> apartment and joined that assailant at the patio door through which Ashley
> fled. Three spent shell casings from the same gun that was fired outside the
> window were recovered inside the apartment.
>
> Defendant argues that the evidence did not establish that Ashley was his
> target and relies on testimony from Chanquiece Moten that defendant
> appeared to be shooting on top of, or over "her." However, it is clear that
> the "her" referenced by Moten was Karen Williams, and the jury found
> defendant not guilty of assault with intent to murder Karen Williams.
> Further, an intent to kill may exist even if it is not directed at any particular
> victim. <u>People v. Abraham</u>, 234 Mich.App 640, 658; 599 NW2d 736 (1999).
>
> In sum, defendant's use of his gun and pursuit of those in the apartment
> while shooting was evidence sufficient to infer the intent to kill.

<u>People v. Youngblood</u>, No. 315703, 2014 WL 2795874, at * 1–2.

The court of appeals' conclusion was reasonable. The evidence was sufficient

for a rational trier of fact to conclude that Petitioner specifically intended to kill Ashley

Williams or at least someone else in the house. Petitioner was armed with a firearm,

6

discharged the firearm several times from outside the house and continued to chase

after Ashley Williams inside the house while Lister was still in pursuit of and threatening

to kill her.  Petitioner is not entitled to habeas relief on his first claim.

3.

In his second claim, Petitioner contends that there was insufficient evidence to

support his conspiracy convictions.  The Michigan Court of Appeals disagreed,

explaining:

> Defendant argues that he could not have been convicted of conspiracy
> because there was no evidence of an explicit agreement to commit a
> home invasion or an assault.  He does not argue that he did not commit
> the underlying offenses, just that he did not agree to commit them with
> his accomplice.  However, defendant and his accomplice were known
> associates.  And defendant was shooting into the residence from one end
> while his accomplice entered the residence from the other end and began
> shooting.  What conspirators actually did in furtherance of the conspiracy
> is evidence of what they had agreed to do. Id.  Here, the apparently
> coordinated actions of defendant and his accomplice are evidence of their
> agreement to commit the crimes.  The direct and circumstantial evidence,
> as well as all reasonable inferences that may be drawn, when viewed in a
> light most favorable to the prosecution, is sufficient to support defendant's
> conviction for conspiracy to commit assault with intent to murder and
> conspiracy to commit first-degree home invasion beyond a reasonable
> doubt.

People v. Youngblood, 2014 WL 2795874, at * 2.

The conclusion that the evidence was sufficient for a rational trier of fact to

conclude that Petitioner conspired with Lister to commit the crimes of assault with

intent to commit murder and home invasion is reasonable.  Petitioner and Lister were

known friends.  Petitioner began shooting into the apartment from the back at the same

time that Lister entered the apartment in front and began shooting.  Petitioner entered

into the house and continued chasing after Ashley Williams while Lister was attempting

to shoot her.  Both men left the residence together.  As such, Petitioner is not entitled to relief on his second claim.

### B.  Double Jeopardy

Petitioner next claims that his convictions for the two conspiracy offenses and their underlying substantive offenses violates Double Jeopardy.  The Michigan Court of Appeals rejected this claim, stating:

> Defendant next argues that his convictions for conspiring to commit the offenses underlying the conspiracies violate double jeopardy protections.  We disagree.  "It is 'black-letter law' that conspiracy and the underlying substantive offense are separate and distinct crimes."  People v. Rodriguez, 251 Mich.App 10, 18–19; 650 NW2d 96 (2002).  It does not violate the double jeopardy clause to sentence a defendant to prison terms for conspiracy to commit an underlying substantive offense and conspiracy to commit that offense, even if committed in the same criminal transaction.  People v. Denio, 454 Mich. 691, 712; 564 NW2d 13 (1997).

People v. Youngblood, 2014 WL 2795874, at * 3.

The court of appeals' conclusion is not unreasonable or contrary to Supreme Court precedent.  Indeed, the Supreme Court has repeatedly held that the Double Jeopardy Clause does not bar prosecution for conspiracy and the separate substantive offense because the conspiracy charge and the substantive charge are distinct offenses. United States v. Felix, 503 U.S. 378, 388-90 (1992) ; Garrett v. United States, 471 U.S. 773, 793 (1985); United States v. Bayer, 331 U.S. 532, 542 (1947), Pinkerton v. United States, 328 U.S. 640, 643 (1946).  Thus, Petitioner is not entitled to habeas relief on this ground.

### C.  Right to Present a Defense

Petitioner next contends that his right to present a defense was violated when the trial court refused to allow defense counsel to introduce a note purportedly written

8

by co-defendant Lister, who was tried separately from Petitioner.  The note stated:

"[Y]ou know that you wasn't there, so we should be good." [1]  Petitioner says that this

note would exonerate him from being present when the crime was committed.

> The Michigan Court of Appeals found no merit to this claim, explaining:
>
> Defendant claims that the requirements of MRE 803(24) are satisfied, but argues only that the note involved a material fact that was highly probative, i.e., defendant's presence at the shootings.  Defendant does not explain how the note carries with it circumstantial guarantees of trustworthiness.  The note was reportedly authored by defendant's accomplice while he was incarcerated.  This individual was defendant's known associate prior to the crimes at issue and was charged with crimes stemming from the same circumstances.  There was no indication that the author of the note was unavailable to testify and be subject to cross-examination.  There was no indication about the motivation for writing the note, although it appears the writer was attempting to convince the recipient not to accept a plea with respect to whatever circumstance was being referenced.  There was no indication to what exact circumstances "you wasn't there" refers.  If the reference is to defendant not being at the scene of the charged crimes, it is at odds with an affidavit defendant submitted to the trial court in which he averred that he never left the car outside the apartment when defendant's accomplice and another man went to the residence.  It is proper for a court to exclude a statement where the declarant's veracity is doubtful or entirely lacking because "the credibility of the declarant inherently affects the trustworthiness of the statement." People v. Barrera, 451 Mich. 261, 272–273; 547 NW2d 280 (1996) (citations omitted).  The trial court did not abuse its discretion in excluding the note from evidence because it was a hearsay statement that lacked "circumstantial guarantees of trustworthiness."

People v. Youngblood, 2014 WL 2795874, at * 4.

On habeas review, it is not enough for a habeas petitioner to show that the state

trial court's decision to exclude potentially helpful evidence to the defense was

erroneous or incorrect.  Instead, a habeas petitioner must show that the state trial

---

[1] The note was attached as Appendix A to the Plaintiff-Appellee's Brief in the Michigan Court of Appeals and therefore part of the record.  See Doc. 9-16.

court's decision to exclude the evidence was "an objectively unreasonable application of clearly established Supreme Court precedent." See Rockwell v. Yukins, 341 F. 3d 507, 511-12 (6th Cir. 2003).

Here, the trial court excluded the note because the defense was seeking to introduce hearsay testimony. The fundamental right to present a defense is not absolute; thus, evidence that is deemed insufficiently unreliable, such as hearsay evidence, is excludable even if it may be relevant to the defense. See McCullough v. Stegall, 17 F. App'x. 292, 295 (6th Cir. 2001).

As the court of appeals reasonably found, the note was of questionable validity, coming as it did from Petitioner's co-defendant and conflicts with Petitioner's affidavit that he was present at the victim's house with Lister but remained in the car. Under the circumstances, the exclusion of petitioner's co-defendant's hearsay statement which purported to exonerate petitioner did not violate petitioner's right to present a defense. The Michigan Court of Appeals rejected petitioner's claim as follows:

> Defendant next argues that his convictions for conspiring to commit the offenses underlying the conspiracies violate double jeopardy protections. We disagree. "It is 'black-letter law' that conspiracy and the underlying substantive offense are separate and distinct crimes." People v. Rodriguez, 251 Mich.App 10, 18–19; 650 NW2d 96 (2002). It does not violate the double jeopardy clause to sentence a defendant to prison terms for conspiracy to commit an underlying substantive offense and conspiracy to commit that offense, even if committed in the same criminal transaction. People v. Denio, 454 Mich. 691, 712; 564 NW2d 13 (1997).

People v. Youngblood, 2014 WL 2795874, at * 3.

The court of appeals' conclusion is neither unreasonable nor contrary to Supreme Court precedent. Indeed, the Supreme Court has repeatedly held that the Double Jeopardy Clause does not bar prosecution for conspiracy and the separate

substantive offense, because the conspiracy charge and the substantive charge are distinct offenses. United States v. Felix, 503 U.S. 378, 388-90 (1992) ; Garrett v. United States, 471 U.S. 773, 793 (1985); United States v. Bayer, 331 U.S. 532, 542 (1947), Pinkerton v. United States, 328 U.S. 640, 643 (1946).  As such, Petitioner is not entitled to habeas relief on this ground.

### D.  Sentencing Claim

Petitioner argues that the trial court erred by ordering that his sentences for his felony-firearm convictions to be served consecutively to crimes which were not underlying the felony-firearm convictions.

The Michigan Court of Appeals agreed that the judgment of sentence was either unclear or incorrect on this point and remanded to the trial court for correction of the judgment to reflect that the sentences for the felony-firearm convictions could only be consecutive to the crimes underlying these convictions.  People v. Youngblood, 2014 WL 2795874, at * 4.  In light of the remand, Petitioner cannot claim any error in his sentence.  Habeas relief is not warranted.

### V.  Conclusion

For the reasons stated above, the state courts' rejection of Petitioner's claims did not result in decisions that were contrary to Supreme Court precedent, an unreasonable application of Supreme Court precedent, or an unreasonable determination of the facts.  Accordingly, the petition is DENIED.

Furthermore, reasonable jurists would not debate the Court's assessment of petitioner's claims, nor conclude that the issues deserve encouragement to proceed further.  The Court therefore DECLINES to grant a certificate of appealability under 28

11

U.S.C. § 2253(c)(2). [2] See <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

     SO ORDERED.

                    <u>S/Avern Cohn          </u>
                    AVERN COHN
                    UNITED STATES DISTRICT JUDGE

Dated: March 8, 2017
     Detroit, Michigan

---

[2] "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.